S. H. Sornborger v. Whitfield Sanford.

[Filed May 18, 1892.]

1. **Chattel Mortgages:** Duress. *Held,* That the evidence failed to show that the chattel mortgage under which the defendant claims title was executed under duress.

2. ———: ———: Ratification. That the instructions complained of conformed to the proof on the question of ratification.

Error to the district court for Saunders county. Tried below before Post, J.

*S. H. Sornborger,* and *G. W. Simpson,* for plaintiff in error, cited: As to duress: R. & L., Law Dic., 425, title "Duress"; *Hullhorst v. Scharner,* 15 Neb., 57; *Baker v. Morton,* 12 Wall. [U. S.], 150. As to ratification: *McNulty v. Prentice,* 25 Barb. [N. Y.], 207; *Gallagher v. White,* 31 Id., 99; *Canal v. R. Co.,* 4 Gill & J. [Md.], 129; *McCants v. Bee,* 1 McCord Eq. [S. Car.], 383; *Thatcher v. Pray,* 113 Mass., 291; 2 Parsons, Cont., 224*.

*J. R. Gilkeson, contra,* cited: *Higgins v. Brown,* 5 Atl. Rep. [Me.], 269; *Hulborn v. Buckman,* 7 Id., 272; *Sieber v. Weiden,* 17 Neb., 586; *Hiatt v. Brooks,* Id., 34; *Leighton v. Stuart,* 19 Id., 553; *C., B. & Q. R. Co. v. Hull,* 24 Id., 742; *O'Donohue v. Hendrix,* 17 Id., 287; *Buckstaff v. Dunbar,* 15 Id., 114; *Forbes v. McCoy,* 24 Id., 702.

Maxwell, Ch. J.

This is an action of replevin brought in the district court of Saunders county to recover a law library. The case was before this court in 1889 and is reported in 26 Neb., 295, the judgment of the district court being reversed. On the second trial the jury returned a verdict for the de-

fendant, upon which judgment was rendered. The defendant in error claims title under a chattel mortgage. The plaintiff claims that the mortgage was made under duress, and second, error in certain instructions. The plaintiff in his brief expresses regret that he did not have the question of duress specially submitted to the jury. This court, however, in effect is asked to take the place of the jury and find that there was such duress.

It would subserve no good purpose to review the evidence at length. In our view it falls far short of showing that the mortgage in question was made and delivered under duress. The trial judge, out of an abundance of caution, submitted the question of duress to the jury, but also informed them that the plaintiff could ratify the mortgage.

" Tenth—If, a short time prior to the commencement of this action, the plaintiff suffered the defendant to take possession of the property in controversy, then knowing that the defendant would incur costs and expenses in advertising the same for sale as mortgaged property, and knowing that the defendant was incurring or had incurred such costs and expenses, and did not then advise the defendant that he claimed the mortgage to be void, on account of duress; that if the evidence shows that the defendant did incur such costs and expenses under those circumstances, the plaintiff would be estopped or prevented from now claiming that the mortgage is void as to him. On the other hand, if the plaintiff knew nothing about the defendant incurring these costs or expenses, then the plaintiff would not be estopped or prevented from claiming that the mortgage is void as to him.

" Eleventh—If you find that the plaintiff voluntarily surrendered the books and book-cases in controversy to the defendant to be sold on the said mortgage, and leased his office to said defendant to store said property until the day of sale, then such acts would amount to a ratification of the said mortgage and he could not now insist that it is void on account of duress."

These instructions fairly submit to the jury the question of ratification. Upon the whole case there is no substantial error in the record and the judgment is

AFFIRMED.

NORVAL, J., concurs.

POST, J., did not sit.